# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY LITTRELL, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-0265-LJM-DML |
| STEVEN JULIAN, Warden, | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

**I.**

Anthony Littrell is confined in this District serving a sentence of 480 months imprisonment following his conviction of several methamphetamine and firearms offenses in the United States District Court for the Eastern District of Missouri. *See United States v. Anthony Littrell,* 439 F.3d 875 (8th Cir. 2006). He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that the original indictment and/or a superseding indictment were never signed by the grand jury foreperson. This is a renewal of the claim presented and rejected in his motion for relief pursuant to 28 U.S.C. § 2255. *See Littrell v. United States*, 2009 WL 5220156 (E.D. Mo. Dec. 31, 2009).

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Additionally, 28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review. *Valona v. United States*, 138 F.3d 693, 694–695 (9th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the

same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

The trial court's treatment of Littrell's first 28 U.S.C. § 2255 motion was extensive, and in addressing the claim which is renewed here the trial court explained:

> In his first ground, Littrell contends that the indictment was defective because it was not signed by the grand jury foreperson or an attorney for the government. Littrell's argument is belied by the record. Although Littrell is correct that indictments must be signed by both the grand jury foreperson and by an attorney for the government, *see* Fed.R.Crim.P. 6(c), 7(c), the indictment in this case was signed by both the foreperson and an attorney for the government. The signed, file-stamped copy is docket entry # 1 in Littrell's criminal case, 4:05CR84 CDP, and the government has attached a copy of it to the government's opposition memorandum. The Clerk's office procedure of placing a redacted copy in the public file was adopted along with the electronic case filing system, and was intended to protect the privacy interests of grand jurors who may not want their signatures to be readily available on the internet. This may explain why Littrell might not have seen the signed copy, but that does not change the fact that the indictment was signed by both the foreperson and the attorney for the government, as required by the rules.
>
> Because the records and files before me conclusively reveal that the indictment was signed as required, Littrell's claim to the contrary is without merit. Moreover, because any challenge to the indictment would have been unsuccessful, Littrell's counsel was not ineffective for failing to raise such a challenge. *See Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir. 1994).

*Littrell v. United States*, No. 4:07CV1707 CDP, 2009 WL 5220156, at *6 (E.D. Mo. Dec. 31, 2009) (footnotes omitted). The claim here is also a renewal of the claim in his motion pursuant to 28 U.S.C. § 2255(h) in the Eighth Circuit, docketed as No. 16-2450, which motion was denied on October 26, 2016.

Because Littrell already raised this claim in his initial § 2255 motion and in his § 2255(h) motion, his effort to renew it here is forbidden by 28 U.S.C. § 2244(b)(1). *See Brannigan v. United States*, 249 F.3d 584, 586–89 (7th Cir. 2001); *Bennett v. United States*, 119 F.3d 470, 471–72 (7th

Cir. 1997); *Farrugia v. Warden, USP-Terre Haute*, 2015 WL 1565008, at *5 (S.D. Ind. Apr. 7, 2015).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For the reasons explained above, this is an appropriate case for such a disposition. Accordingly, the petition for writ of habeas corpus is **denied.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 2/2/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY C. LITTRELL
30564-044
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808